FILED
IN CLERKS OFFICE
2005 JAN 20 P 4:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC., et al.,<br>Plaintiffs,<br>v.<br>KAREN M. SUGHRUE, et al.,<br>Defendants. | C.A. No. 04-11667-RGS |

## BRADFORD DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the Bradford Defendants[1] move to dismiss the Complaint against them in its entirety. As set forth more fully in the accompanying memorandum of law, and in addition to the grounds for dismissal set forth in the Memorandum in Support of Bradford Defendants' Motion to Dismiss, the counts asserted against them (Counts I and II) are deficient and should be dismissed as against them for the following reasons.

1. **Count I: §10(b) and Rule 10b-5 of 1934 Securities Exchange Act ("Exchange Act") – Failure to Allege Material Misrepresentation or Omission.** Count I should be dismissed because plaintiffs have failed to plead facts supporting their claims that the Official Statement by which the bonds were offered contained material misrepresentations or omissions that would be actionable under the Exchange Act. Plaintiffs' claims of misrepresentations and omissions are belied by the plain terms of the Official Statement, and/or assert matters that are not actionable under the Exchange Act, such as forward-looking statements and opinions.

2. **Count I: Exchange Act – Bespeaks Caution Doctrine.** Even if plaintiffs had sufficiently alleged any material misstatements or omissions in the Official

---

[1] "Bradford Defendants" refers to all defendants in this action except Advest, Inc.

Statement, those matters would not be actionable under the Exchange Act under the "bespeaks caution" doctrine. The alleged misstatements and omissions on which plaintiffs rely relate primarily to forward-looking statements about the prospects of Bradford College. The Official Statement not only explicitly warns that these matters may not come true, but also warns that the College may not be able to repay the bonds. Accordingly, the alleged misstatements and omissions are as a matter of law not material, and therefore not actionable.

3. **Count I: Exchange Act – No Alleged Misrepresentation or Omission by Trustee Defendants.** Even if any actionable misrepresentation or omission were adequately pleaded, Count I should be dismissed against the Trustee Defendants (all the Bradford Defendants with the exception of Joseph Short and Donald Kiszka) because plaintiffs have failed to allege facts that could support a reasonable inference that any of the Trustee Defendants was specifically connected with, and therefore potentially liable for, any of the statements or omissions in the Official Statement.

4. **Count I: Exchange Act – No Allegation of Specific Facts Supporting Strong Inference of Scienter.** Even if plaintiffs had otherwise alleged a viable claim against the Bradford Defendants under the Exchange Act, Count I should be dismissed because plaintiffs have failed to allege specific facts creating a strong inference that any of the Bradford Defendants acted intentionally or recklessly in connection with any of the alleged misrepresentations or omissions in the Official Statement, as plaintiffs must to sustain such a claim. *See* Private Securities Law Reform Act, 15 U.S.C. §78u-4(b)(2).

5. **Count I: Exchange Act** – Count I should be dismissed for the further reason that plaintiffs have failed to adequately plead that their losses were caused by the

alleged misrepresentations or omissions of which they complain. According to plaintiffs' own allegations, their losses were caused by events after the bonds were issued, including alleged mismanagement of Bradford College, and not by any matter that was misrepresented or omitted from the Official Statement.

6. **Count II – Control Person Liability Under §20(a) of Exchange Act – Failure to Allege Control of a Primary Violator.** The "control person" claim in Count II should be dismissed against all the Bradford Defendants for several reasons. First, although the claim is based on the Bradford Defendants' purported "control" over Bradford College, the complaint does not allege a violation of the Exchange Act by Bradford College, and thus fails to state the first element required for control person liability.

7. **Count II – Control Person Liability – Failure to Allege Exercise of Control.** Count II should be dismissed for the further reason that plaintiffs have failed to allege facts supporting a reasonable inference that any of the Bradford Defendants actually exercised control over the College sufficient to support a claim under §20(a), even if they had alleged a primary violation by the College.

8. **Count II – Control Person Liability – Failure to Adequately Allege Primary Violation.** Finally, Count II should be dismissed because plaintiff's allegations of primary violations of securities fraud are deficient, for the reasons discussed at Section I above, and therefore cannot support a control claim under §20(a), as a matter of law.

WHEREFORE, the Bradford Defendants respectfully request that the Court dismiss the Complaint in its entirety as against them.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) the Bradford Defendants state that oral argument may assist the Court in resolving this Motion, and therefore request oral argument.

THE BRADFORD DEFENDANTS
By their attorneys,

*/s/ A. Lauren Carpenter*
Robert E. Sullivan, BBO #487820
Scott A. Roberts, BBO #550732
A. Lauren Carpenter, BBO #551258
SULLIVAN, WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, MA 02116
(617) 348-4300

Dated: January 20, 2005

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I, A. Lauren Carpenter, counsel for the Bradford Defendants, certify that I have conferred with the plaintiffs' counsel in good faith to resolve or narrow the issues presented by the Bradford Defendants' Motion to Dismiss.

*/s/ A. Lauren Carpenter*
A. Lauren Carpenter

### CERTIFICATE OF SERVICE

I, A. Lauren Carpenter, hereby certify that a true and correct copy of the foregoing document was served by hand on all counsel of record on this 20th day of January, 2005.

*/s/ A. Lauren Carpenter*
A. Lauren Carpenter