UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

T. ROWE PRICE TAX-FREE HIGH YIELD )
FUND, INC., et al., )
                              Plaintiffs, )   C.A. No. 04-11667-RGS
v. )
KAREN M. SUGHRUE, et al., )
                            Defendants. )
)

## BRADFORD DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), the Bradford Defendants[1] move to dismiss the Complaint against them in its entirety. As set forth more fully in the accompanying Memorandum in Support of Bradford Defendants' Motion to Dismiss the Amended Complaint, and in addition to the grounds for dismissal set forth in the Memorandum in Support of Bradford Defendants' Motion to Dismiss, filed January 20, 2005, which is hereby incorporated by reference, all the claims asserted against them (all counts other than Count III) are deficient and should be dismissed for the reasons stated below.[2]

1.    **Count I: §10(b) and Rule 10b-5 of 1934 Securities Exchange Act ("Exchange Act") – Failure to Allege Material Misrepresentation or Omission.** Count I should be dismissed because plaintiffs have failed to plead facts supporting their claims that the Official Statement by which the bonds were offered contained material misrepresentations or omissions that would be actionable under the Exchange Act. Plaintiffs' claims of misrepresentations and omissions are belied by the plain terms of the

---

[1] "Bradford Defendants" refers to all defendants in this action except Advest, Inc.
[2] For purposes of the charitable immunity arguments, the Bradford Defendants rely on the Affidavit of Karen M. Sughrue, which is submitted herewith.

Official Statement, and/or assert matters that are not actionable under the Exchange Act, such as forward-looking statements and opinions.

2.  **Count I: Exchange Act – Bespeaks Caution Doctrine.** Even if plaintiffs had sufficiently alleged material misstatements or omissions in the Official Statement, those matters would not be actionable under the Exchange Act under the "bespeaks caution" doctrine. The alleged misstatements and omissions on which plaintiffs rely relate primarily to forward-looking statements about the prospects of Bradford College. The Official Statement not only explicitly warns that these matters may not come true, but also warns that the College may not be able to repay the bonds. Accordingly, the alleged misstatements and omissions are as a matter of law not material, and therefore not actionable.

3.  **Count I: Exchange Act – No Alleged Misrepresentation or Omission by Trustee Defendants.** Even if any actionable misrepresentation or omission were adequately pleaded, Count I should be dismissed against the Trustee Defendants because plaintiffs have failed to allege facts that could support a reasonable inference that any of the Trustee Defendants was specifically connected with, and therefore potentially liable for, any of the statements or omissions in the Official Statement.

4.  **Count I: Exchange Act – No Allegation of Specific Facts Supporting Strong Inference of Scienter.** Even if plaintiffs had otherwise alleged a viable claim against the Bradford Defendants under the Exchange Act, Count I should be dismissed because plaintiffs have failed to allege specific facts creating a strong inference that any of the Bradford Defendants acted intentionally or recklessly in connection with any of the

alleged misrepresentations or omissions in the Official Statement, as plaintiffs must to sustain such a claim. *See* Private Securities Law Reform Act, 15 U.S.C. §78u-4(b)(2).

5. **Count I: Exchange Act** – Count I should be dismissed for the further reason that plaintiffs have failed to adequately plead that their losses were caused by the alleged misrepresentations or omissions of which they complain. According to plaintiffs' own allegations, their losses were caused by events after the bonds were issued, including alleged mismanagement of Bradford College, and not by any matter that was misrepresented or omitted from the Official Statement.

6. **Count II – Control Person Liability Under §20(a) of Exchange Act – Failure to Allege Control of a Primary Violator.** The "control person" claim in Count II should be dismissed against all the Bradford Defendants for several reasons. First, although the claim is based on the Bradford Defendants' purported "control" over Bradford College, the complaint does not allege a violation of the Exchange Act by Bradford College, and thus fails to state the first element required for control person liability.

7. **Count II – Control Person Liability – Failure to Allege Exercise of Control.** Count II should be dismissed for the further reason that plaintiffs have failed to allege facts supporting a reasonable inference that any of the Bradford Defendants actually exercised control over the College sufficient to support a claim under §20(a), even if they had alleged a primary violation by the College.

8. **Count II – Control Person Liability – Failure to Adequately Allege Primary Violation.** Count II should be dismissed because plaintiff's allegations of

primary violations of securities fraud are deficient, for the reasons discussed above, and therefore cannot support a control claim under §20(a), as a matter of law.

9. **Count IV – Violation of M.G.L. c. 110A, §410 – Failure to Allege that Bradford Defendants Sold or Offered the Bonds to the Plaintiffs, or that They Controlled the Seller of the Bonds.** Count IV should be dismissed because plaintiffs have failed to allege that any of the Bradford Defendants "sold" or "offered" the bonds which plaintiffs purchased from the firm underwriter, Advest, Inc. Liability cannot be imposed on the Bradford Defendants under §410(b) because §410(b) applies only to control persons of "sellers," and the Bradford Defendants are not alleged to have controlled Advest, Inc., the only entity who is alleged to have "sold" the bonds, but only to have controlled Bradford College. Control liability would be improper for the further reason that the Amended Complaint fails to state a claim of a primary violation by the College, and therefore cannot support secondary liability, as a matter of law.

10. **Count IV – Failure to Allege Material Misrepresentation or Omission.** Plaintiffs' §410 claim is based on the same allegations as the §10(b) claim, and should be dismissed for the same reasons set forth at paragraph 1 above with respect to the §10(b) claim, namely, they have failed to plead any material misrepresentation or omission.

11. **Count IV – Statute of Repose.** Plaintiffs' §410 claim is time-barred by the four-year statute of repose in M.G.L. c. 110A, §410(e). Plaintiffs filed this action more than four years after the College announced that it was closing, by which time plaintiffs should have known the matters they claim were misrepresented or omitted. Because the statute of repose absolutely requires that suit be brought within four years of

discovery of the alleged violation, the tolling agreement on which plaintiffs rely cannot save their claim.

12. **Count V – Fraud – Failure to Plead Elements of Claim, Much Less With Particularity.** Plaintiffs' Massachusetts-law fraud claim is based on the same allegations as the §10(b) claim. The claim should be dismissed because it fails to plead actionable misstatements and omissions, and also because it fails to plead the requisite elements of fraud, much less with particularity.

13. **Count V – Fraud – No Reasonable Reliance.** Plaintiffs' Massachusetts-law fraud claim should be dismissed for the further reason that plaintiffs' allegations establish that they did not reasonably rely on the alleged misrepresentations or omissions.

14. **Count VI – Negligent Misrepresentation – Failure to Plead Privity.** Plaintiffs' Massachusetts-law claim for negligent misrepresentation should be dismissed because Massachusetts law does not recognize a claim for negligent misrepresentation without privity unless the defendant is a professional who has negligently supplied information in the course of his or her business, and no such allegations are made against the Bradford Defendants.

15. **Count VI – Negligent Misrepresentation – Failure to Plead Elements.** The claim for negligent misrepresentation should be dismissed for the further reason that it is based on the same allegations as the §10(b) claim and the fraud claim, and it likewise fails to plead actionable misstatements and omissions. The Amended Complaint also fails to plead the elements of the claim, much less with particularity.

16. **Count VII – Violation of M.G.L. c. 93A, §11 – No Business or Contractual Relationship.** Plaintiffs' claim of a violation of M.G.L. c. 93A, §11, should

be dismissed because plaintiffs have failed to plead any facts suggesting that there was any business or contractual relationship between the plaintiffs and any of the Bradford Defendants, or that they were actively involved in the transaction by which plaintiffs purchased the bonds from Advest.

17. **Count VII – No Violation Pleaded.** Plaintiffs' Chapter 93A claim should be dismissed for the further reason that plaintiffs' allegations, which fail to state a claim under any theory, do not suggest that the Bradford Defendants engaged in any conduct that could be deemed unfair or deceptive within the statute.

18. **Count VIII – Breach of Fiduciary Duty – Claim Not Viable Under Massachusetts Law** Plaintiffs' claim against the Trustee Defendants (all the Bradford Defendants except Donald Kiskza) for breach of fiduciary duty should be dismissed because Massachusetts law has not recognized, and is not likely to recognize, any fiduciary duty owed by the trustee of a charitable institution to a creditor, particularly under circumstances where the creditor's interests conflicts with the charitable purposes of the institution, and where the trustees are not alleged to have had any personal financial interest in the matter or to have engaged in any self-dealing.

19. **All State-Law Claims Against the Trustee Defendants Are Covered by the Charitable Immunity of M.G.L. c. 231, §85W.** All the state-law claims asserted against the Trustee Defendants should be dismissed because plaintiffs seek to hold them liable for alleged acts or omissions relating solely to the performance of their duties as uncompensated trustees of a nonprofit charitable organization, which conduct is immune from liability under M.G.L. c. 231, §85W, and plaintiffs' allegations establish that their activities were not primarily commercial under the statute.

20. **All State-Law Claims Against the Trustee Defendants Are Covered by the Charitable Immunity of M.G.L. c. 231, §85K.** All the state-law claims asserted against the Trustee Defendants should be dismissed under M.G.L. c. 231, §85W, as well, because plaintiffs seek to hold the Trustee Defendants liable for alleged acts or omissions relating solely to their performance of services as uncompensated trustees of a charitable educational institution, and plaintiffs do not allege that they did not act in good faith or that they committed willful or wanton misconduct.

WHEREFORE, the Bradford Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety as against them.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) the Bradford Defendants state that oral argument may assist the Court in resolving this Motion, and therefore request oral argument.

THE BRADFORD DEFENDANTS
By their attorneys,

*/s/ A. Lauren Carpenter*
Robert E. Sullivan, BBO #487820
Scott A. Roberts, BBO #550732
A. Lauren Carpenter, BBO #551258
SULLIVAN, WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, MA 02116
(617) 348-4300

Dated: March 1, 2005

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I, A. Lauren Carpenter, counsel for the Bradford Defendants, certify that I have conferred with the plaintiffs' counsel in good faith to resolve or narrow the issues presented by the Bradford Defendants' Motion to Dismiss.

*/s/ A. Lauren Carpenter*
A. Lauren Carpenter

## CERTIFICATE OF SERVICE

I, A. Lauren Carpenter, hereby certify that a true and correct copy of the foregoing document was served by hand on all counsel of record on this 1st day of March, 2005.

_____
A. Lauren Carpenter