## Second Standstill and Tolling Agreement

This Second Standstill and Tolling Agreement (the "Agreement") dated as of June 22, 2001 is made and entered into by and among Bradford College (the "College"), those present or former trustees and/or officers of the College who join in this agreement by execution hereof (collectively, the "D&O"), Advest, Inc. ("Advest", and together with the College and the D&O, the "Potential Defendants"), ACA Financial Guaranty Corporation ("ACA"), T. Rowe Price Tax-Free High Yield Fund ("T Rowe"), Smith Barney Municipal High Income Fund ("SSB") and Prudential Municipal Series Fund - Massachusetts Series ("Prudential", and together with ACA, T Rowe and SSB, the "Bondholders"). The Bondholders and the Potential Defendants are collectively referred to herein as the "Parties".

### WITNESSETH :

WHEREAS, the College is indebted to the Bondholders as beneficial holders of the MIFA Revenue Bonds, Bradford College Issue, Series 1998, issued by the College (the "Bonds"), pursuant to a Loan and Trust Agreement dated May 1, 1998 among the College, MIFA and Chittenden Trust Company as indenture trustee (the "Indenture Trustee"); and

WHEREAS, the Bondholders have information that may support claims against the Potential Defendants, and the Potential Defendants deny that there are any such claims; and

WHEREAS, the Bondholders and the College are engaged in negotiations regarding the Bonds and a possible sale of substantially all of the assets of the College, and the Parties desire to continue (and in the case of Advest and the D&O, to facilitate) such negotiations, and all the parties desire to avoid the need for litigation at the present time; and

WHEREAS, the Bondholders are desirous of preserving any causes of action that they may have and are willing to forbear from commencing litigation against the Potential Defendants, possibly including class-action litigation on behalf of all persons who purchased Bonds, only upon agreement that any statutes of limitation, statutes of repose, laches, discovery periods or similar time bars or any other condition of law whether statutory or not, requiring the bringing of an action within a period of time or other requirements imposed by any rule of court under State or Federal law (collectively the "Limitations Periods") relating to the Claims (as that term is defined below) will be tolled as provided below; and

WHEREAS, the Parties have previously entered into a certain Standstill and Tolling Agreement (the "Original Tolling Agreement") dated as of November 1, 2000 (the "Original Tolling Date"), as amended, which remains in full force and effect as of the date hereof but which in the absence of this Agreement could commence to expire on or after July 2, 2001; and

WHEREAS, in reliance on the Original Tolling Agreement, the Parties previously stipulated to the dismissal without prejudice pursuant to Fed. R. Civ. P. Rules 41(a)(2) and 23(e) of the complaint in the case of T. Rowe Price Tax-Free High Yield Fund, Inc., and Smith Barney Municipal High Income Fund, on behalf of themselves and all others similarly situated, and

854856.3

ACA Financial Guaranty Corporation v. Karen M. Sughrue, Garry L. Crago, Jean W. Childs, Paula Edwards Cochran, G. Stevens Davis, Jr., Julia B. DeMoss, William R. Dill, Leslie A. Ferlazzo, Joyce Shaffer Fleming, Eric W. Hayden, Catherine Chapin Kobacker, Anne Marcus, Celeste Reid, Richard J. Sheehan, Jr., Joseph Short, Gregory E. Thomas, Susan K. Turben, Donald W. Kiszka, Bradford College and Advest, Inc., C.A. No. 00-12408-NG (U.S.D.C. D. Mass.) (the "Original Action"), and said Original Action has now been dismissed without prejudice; and

WHEREAS, the Parties by this Agreement intend to further postpone the commencement of litigation against the Potential Defendants;

WHEREAS, the Bondholders are relying on the agreements and representations of the Potential Defendants in this Agreement in determining not to seek remedies against the Potential Defendants at this time; and

WHEREAS, the Bondholders and the Potential Defendants desire to make third-party beneficiaries of this Agreement (without, however, giving any such persons other than the Bondholders the right to consent to amendment or waiver thereof) all the following persons: (i) all purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998; (ii) recordholders and beneficial owners of bonds at any time from May 1, 1998 through the present; and (iii) the College and the Attorney General of the Commonwealth of Massachusetts (the "AG").

NOW, THEREFORE, for good, valuable, fair and reasonably equivalent consideration, the receipt of which is hereby acknowledged, the parties hereto, each intending to be legally bound, agree as follows:

8544856.3

1. _Tolling_. Each of the Potential Defendants agrees that, with respect to any claim, right, liability or cause of action that could, as of the Original Tolling Date, be initiated directly by any Beneficiary (as that term is defined in Section 4) or derivatively on behalf of any Beneficiary of this Agreement, or by any Beneficiary's successors or assigns as provided in Section 8, against any Potential Defendant, including but not limited to any of the foregoing for misrepresentation or for breach of fiduciary duty under the federal securities laws, the so-called blue-sky laws of Massachusetts, or any other federal, state or local law, whether statutory or not, arising out of or relating in any manner to the Bonds or the issuance there of, Massachusetts statutory law, or the common law (the foregoing are collectively the "Claims"), the time periods for commencing any Action (as that term is defined in Section 5) and the deadline for extinguishment of any such Action under applicable law, be, and hereby are, tolled for the Tolling Period provided in Section 3 of this Agreement. Each of the Potential Defendants, for itself and its successors and assigns, hereby stipulates and agrees that the Tolling Period shall be excluded from any Limitations Period and not considered in any determination of the timelines of commencement of any Action with respect to the Claims. Each Potential Defendant hereby agrees and acknowledges that he, she, or it shall not plead or raise and is estopped from pleading or raising the period of time during the Tolling Period as part of a defense or bar based upon any Limitations Period with respect to any Claim.

2. This Agreement shall be, and hereby is, effective as of the Original Tolling Date as to each Potential Defendant who joins in this agreement by such Potential Defendant's execution hereof. This Agreement shall be effective as to each Potential Defendant who joins in this Agreement without regard to whether any or all of the other Potential Defendants join in this Agreement. This Agreement shall not apply to any causes of action that the respective Bondholders may have had and for which, if any, as of the Original Tolling Date the applicable Limitations Periods for the respective cause of action had already passed.

3. With respect to each Potential Defendant, the tolling of time periods provided for in Section 1 of this Agreement shall commence on the Original Tolling Date and shall terminate (the "Termination Date") on the later of July 30, 2002 or the forty-fifth (45th) day after such Potential Defendant delivers a written notice of termination (a "Termination Notice") addressed to each of the Bondholders and at the Notice Addresses set forth beneath their signatures, _infra_, in accordance with Section 9 hereof. The period from the Original Tolling Date to the respective Termination Date for such Potential Defendant shall be the "Tolling Period" for such Potential Defendant. Termination with respect to any particular Potential Defendant shall not cause termination of this Agreement with respect to any other Potential Defendant.

4. The following persons are intended beneficiaries (collectively the "Beneficiaries") of this Agreement: (i) purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998, (ii) recordholders and beneficial owners of Bonds at any time from May 1, 1998 through the present, (iii) the Bondholders and (iv) the College and the AG. Subject to Section 7, such persons are entitled to the benefit of, and to enforce, the tolling, stipulations and agreements set forth in Section 1 of this Agreement as well as all other provisions of this Agreement.

-3-

5.   In consideration of the Potential Defendant's agreements set forth above, and excepting only the Original Action which has been dismissed without prejudice, the Bondholders agree not to commence any civil actions, proceeding (including arbitral proceeding) or litigation against a Potential Defendant (collectively an "Action") with respect to the Claims until the first to occur of June 30, 2002 or following receipt of a Termination Notice with respect to that Potential Defendant (the foregoing is the "Standstill Period"). As used herein, the term "Action" shall not include (and shall not preclude the bringing of) any action or proceeding against the College or the real or personal property of the College to enforce the rights to payment of principal, interest or premium, if any, on the Bonds or to foreclose or otherwise realize upon any collateral which secures such right to payment (an "Enforcement Action"). Except for the Bondholders' agreement not to commence any Action during the Standstill Period, all rights and remedies of the Bondholders and other Beneficiaries with respect to the bringing of any Action with respect to the Claims and with respect to any Enforcement Action are not impaired hereby and are preserved.

6.   This Agreement shall not operate as an admission of, or evidence of, liability or wrongdoing of any nature by any Potential Defendant or that there is any element of or basis for any Claim against any of the Potential Defendants.

7.   This Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, as between any particular Potential Defendant, on the one hand, and the Beneficiaries, on the other hand; provided, however, that such an amendment, change, modification, supplement, release or discharge must be signed by the particular Potential Defendant whose rights under this Agreement are being altered and by the Bondholders. The rights of the third-party beneficiaries of this Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, upon the written consent of the Bondholders.

8.   This Agreement is binding on and inures to the benefit of the Potential Defendants and their successors and assigns including their successors and assigns by operation of law, their bankruptcy estates, any chapter 7 or 11 trustee and any other estate representative, trustee, receiver or conservator in insolvency proceedings. No Potential Defendant may assign this Agreement without the prior written consent of the Bondholders. This Agreement is binding on and inures to the benefit of each of the Beneficiaries and the Bondholders and their successor and assigns; provided, that any Bondholder may freely assign its rights under this Agreement to any party to whom it sells all or any portion of its interest in any Bonds held by it, or with whom such Bondholder reinsures its risk as an insurer of Bonds, and such Bondholder's rights under this Agreement shall be preserved to the extent that it retains or continues to insure any Bonds; and, provided, further, that the rights conferred upon the third-party beneficiaries of this Agreement shall automatically devolve upon any duly appointed successors or assigns of them, as the case may be.

9.   All notices required or permitted to be given under the Agreement shall be in writing. Notices may be delivered: (a) by certified or registered mail; (b) by nationally recognized overnight courier; (c) by facsimile, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b); or (d) personally. Couriered, mailed or personally delivered

-4-

notices shall be deemed delivered when actually delivered as addressed, or if the addressee refuses delivery, when presented for delivery notwithstanding such refusal. Notices sent by facsimile shall be deemed delivered when sent, with electronic confirmation of receipt evidencing the same, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b). Unless a Party changes its address by giving notice to the other Parties as provided herein, notices shall be delivered to the Parties at the addresses and to the attention of the Parties set forth below:

| | |
|---|---|
| Potential Defendants: | In each case, at the address listed for such Potential Defendant with its signature hereon, with a copy to any person, as set forth in the Notice Address for such Potential Defendant set forth beneath its signature. |
| Bondholders: | In each case, at the address listed for such Bondholder with its signature hereon, with a copy to Ropes & Gray, as set forth in the Notice Address for such Bondholder set forth beneath its signature. |

10.    Each of the Parties hereto hereby represents and warrants that this Agreement is its legal, valid and binding obligation and agrees not to contest the enforceability of this Agreement in any bankruptcy or insolvency proceeding or Action. The Parties have entered into this Agreement freely and voluntarily, after having consulted with counsel and after having the terms of this Agreement explained to them by counsel. The Parties appreciate and understand the terms contained in this Agreement and are fully satisfied therewith. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of its other provisions, and it is the intent of the Parties that this Agreement be given effect to the maximum extent possible.

11.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Agreement is an agreement under seal, and shall be governed by the internal laws of The Commonwealth of Massachusetts.

PRUDENTIAL NATIONAL MUNICIPALS FUND, INC.
By: The Prudential Investment Corporation, its investment adviser

By: _____

Title: *Vice President*

Bonds: $ 1,000,000          *WHB*

Notice Address:

    c/o Prudential Investments
    Fixed Income Research
    2 Gateway Center
    Newark, New Jersey 07102
    Telecopier:    973-802-3181
    Attention:    Gyliane Morgan

    Copies to:

    Prudential Investment Corporation
    Legal Department
    2200 Ross Avenue, Suite 4200E
    Dallas, Texas 75201
    Telecopier:    214-720-6296
    Attention:    William Bulmer, Esq.

        -and-

    Ropes & Gray
    One International Place
    Boston, Massachusetts 02110
    Telecopier:    617-951-7050
    Attention:    Steven T. Hoort, Esq.

[Tolling #4]

SMITH BARNEY MUNICIPAL HIGH INCOME FUND

By: _____

Title: *Vice President*

Bonds: $ 2,345,000

Notice Address:

c/o SSB Citi Asset Management Group
388 Greenwich Street
New York, New York 10013
Telecopier:    212-816-5134
Attention:     Rocco Gagliardi

Copy to:

Ropes & Gray
One International Place
Boston, Massachusetts 02110
Telecopier:    617-951-7050
Attention:     Steven T. Hoort, Esq.

[Tolling #3]

T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC.

By: _____

Title: *VICE PRESIDENT*

Bonds: $ 6,000,000

Notice Address:

     c/o T. Rowe Price Associates, Inc.
     100 East Pratt Street
     Baltimore, Maryland 21202
     Telecopier:   410-345-4672
     Attention:    G. Richard Dent
                 Lee Arnold

     Copy to:

     T. Rowe Price Associates, Inc.
     100 East Pratt Street
     Baltimore, Maryland 21202
     Telecopier:   410-345-6575
     Attention:    Laura Chasney, Esq.

        -and-

     Ropes & Gray
     One International Place
     Boston, Massachusetts 02110
     Telecopier:   617-951-7050
     Attention:    Steven T. Hoort, Esq.

[Tolling #1]

ACA FINANCIAL GUARANTY CORPORATION

By: _Kathleen G Cully_

    Title: _General Counsel_

Bonds: $ _#5,510,000_

Notice Address:

    140 Broadway
    New York, New York 10005
    Telecopier:   212-375-2100
    Attention:    Elizabeth Hill
                 William J. Hogan

    Copies to:

    American Capital Access
    140 Broadway
    New York, New York 10005
    Telecopier:   212-375-2302
    Attention:    Kathleen G. Cully, Esq.

        -and-

    Ropes & Gray
    One International Place
    Boston, Massachusetts 02110
    Telecopier:   617-951-7050
    Attention:    Steven T. Hoort, Esq.

[Tolling #2]

BRADFORD COLLEGE

By: *Brenda E. Smith*
Title: VP for Administration & Finance

Notice Address:

　　　320 South Main Street
　　　Bradford, Massachusetts 01835
　　　Telecopier:　　978-372-5370
　　　Attention:　　President

　　　Copy to:

　　　Gadsby & Hannah LLP
　　　225 Franklin Street
　　　Boston, Massachusetts 02110
　　　Telecopier:　　617-345-7050
　　　Attention:　　Charles A. Dale, III, Esq.

[Tolling #5]

ADVEST, INC.

By: _~Philip S. Williman~_

Title: _VP & Assist. General Counsel_

Notice Address:

    Advest, Inc.
    90 State House Square
    Hartford, CT 06103
    Telecopier:   860-509-2143
    Attention:    Lee G. Kuckro, General Counsel

[Tolling #6]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Karen M. Sughrue

Signature: _Karen M. Sughrue_

Notice Address:

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Garry L. Crago

Signature:

Notice Address:

_____, Massachusetts_____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #8]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Jean W. Childs

Signature: _Jean W. Childs_

Notice Address:

_____

_____, Massachusetts _____
Telecopier:        _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #9]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Paula Edwards Cochran

Signature: _Paula Edwards Cochran_

Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #10]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: G. Stevens Davis, Jr.

Signature: _____

Notice Address:

    3 Dorian Drive
    Bradford, Massachusetts 01835
    Telecopier:    617-346-4819

    Copy to:

    Hale & Dorr LLP
    60 State Street
    Boston, Massachusetts 02109
    Telecopier:    617-526-5000
    Attention:    Hugh R. Jones, Jr., Esq

[Tolling #11]

## PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Julia B. DeMoss

Signature: _Julia B. De Moss_

Notice Address:

_____

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #12]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: William R. Dill

Signature: _____

Notice Address:

_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #13]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Leslie A. Ferlazzo

Signature: _Leslie A. Ferlazzo_

Notice Address:

7 LORUM STREET
NEWBURYPORT , Massachusetts  01950
Telecopier:  617-523-0229

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #14]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Joyce Schaffer Fleming

Signature: *Joyce Schaffer Fleming*

Notice Address:

_____

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #15]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Eric W. Hayden

Signature: _____

Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #16]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Catherine Chapin Kobacker

Signature: _____

Notice Address:

_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #17]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Anne Upson Marcus

Signature: *Anne Upson Marcus*


Notice Address:

_____

_____, Massachusetts _____

Telecopier:      _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-526-5000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #18]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Celeste Reid Lee

Signature: _Celeste Reid Lee_

Notice Address:

50 WAVERLY STREET
BROOKLINE, Massachusetts 02445
Telecopier: 617-566-4752

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #19]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Richard J. Sheehan, Jr.

Signature: _____

Notice Address:

_____ ,
_____ , Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #20]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Joseph Short

Signature: _Joseph Short_ 6/25/01


Notice Address:

23 Claremont Park
Boston , Massachusetts, MA 02118
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #21]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Gregory E. Thomas

Signature: _____ 06/26/01

Notice Address:

      P.O. Box 1891
      Andover, Massachusetts  01810
      Telecopier: _____

      Copy to:

      Hale & Dorr LLP
      60 State Street
      Boston, Massachusetts 02109
      Telecopier:   617-526-5000
      Attention:   Hugh R. Jones, Jr., Esq

[Tolling #22]

## PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Susan K. Turben

Signature: _Susan Kimberly Turben_

Notice Address:

    8966 Booth Road
    Mentor, OH 44060
    Telecopier:    440-585-9960
    Telephone:    440-585-9097
    Home:    - 440-256-3296

    Copy to:

    Hale & Dorr LLP
    60 State Street
    Boston, Massachusetts 02109
    Telecopier:    617-526-5000
    Attention:    Hugh R. Jones, Jr., Esq

[Tolling #23]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Donald W. Kiszka

Signature:

Notice Address:

_____
_____, Massachusetts _____
Telecopier:    _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #24]